United States District Court
Southern District of Texas
**ENTERED**
July 09, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TERRY KATZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-1347 |
| | § | |
| INTEL PHARMA, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER DENYING SUMMARY JUDGMENT**

The parties dispute who owns an interest in a company that sells nutritional supplements. Terry Katz alleges in this derivative action on behalf of the nominal defendant, Intel Pharma, LLC, that the defendants Ntel Pharma, LLC, Ntel Nutra, Inc., True Valor Ventures, LLC, and Landon Suggs improperly transferred his interest in Intel Pharma to Ntel Pharma and Ntel Nutra. Suggs moved for summary judgment on the claims for breach of fiduciary duty and civil conspiracy, arguing that he did not owe Katz a fiduciary duty and that Katz lacked standing to assert a derivative claim.

Based on the pleadings, the motion and response, the parties' briefs, the record, and the applicable law, the court denies Suggs's motion for summary judgment. The reasons are explained in detail below.

## I.    Background

This is the second summary judgment motion in this case. The factual background is fully explained in this court's prior Opinion and Order, (Docket Entry No. 58). The relevant facts are set out below.

In February 2015, Terry Katz and Landon Suggs met in Florida to discuss the possibility of Katz investing in Suggs's nutritional supplement company, Intel Pharma, LLC.  (Docket Entry No. 48-1 at 7–8).  Katz testified in his deposition that in a later phone conversation, Suggs offered him a 25 percent stake in Intel Pharma in return for his investment.  (*Id.* at 5).  Katz testified that he accepted Suggs's offer during a follow-up phone call.  (*Id.* at 7–8).

According to Katz, he authorized his company to make payments to Intel Pharma after his phone call with Suggs.  (Docket Entry No. 50-1 at 32–34).  In March 2015, Suggs sent a text to Katz about Intel Pharma's "current team" structure:

> Myself [Landon Suggs] – CEO – 50%
> Terry [Katz] – COO – 25%
> Angel [Echevarria] – President – 25%

(*Id.* at 56).

In August 2015, Katz emailed Suggs and Echevarria twice about selling his interest in Intel Pharma.  They did not respond.  (*Id.* at 80–83).  In April 2018, Katz sued Intel Pharma, Ntel Nutra, Ntel Pharma, and Suggs.  (Docket Entry No. 1).  He alleged that Suggs and Echevarria formed Ntel Pharma a year after Katz emailed them about selling his interest, and that Suggs and Echevarria transferred all or substantially all of Intel Pharma's assets—including Katz's interest—to Ntel Pharma, and later Ntel Nutra, which then marketed the same workout supplements.  (Docket Entry No. 18 at ¶¶ 24–25, 31–32, 34).  Katz later joined True Valor Ventures, LLC as a defendant, alleging that it too played a role in improperly transferring Katz's interest.  (Docket Entry No. 58).

The defendants moved for partial summary judgment, arguing that Katz had no ownership interest in Intel Pharma because he did not have the oral contract he alleged with Suggs and Echevarria that gave him an interest in the company.  (Docket Entry No. 48).  In the

2

earlier Opinion and Order, the court denied the defendants' motion for partial summary judgment, stating that the record showed factual disputes material to determining whether a valid oral contract existed and whether Katz had an ownership interest in Intel Pharma, LLC.  (Docket Entry No. 58 at 15, 17).

Suggs has now moved for summary judgment on the breach of fiduciary duty and civil-conspiracy claims that Katz asserted against him individually.  (Docket Entry No. 69).  Suggs argues that he owed Katz no fiduciary duty, and that because Intel Pharma, LLC no longer exists, Katz has no standing to bring a derivative claim on its behalf.  Katz responded, arguing that his claims are derivative on Intel Pharma's behalf, making any fiduciary duty between Suggs and Katz irrelevant; Suggs replied; and Katz surreplied.  (Docket Entry Nos. 73, 74, 89).

## II.    The Legal Standard

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (quoting *Griggs v. Brewer*, 841 F.3d 308, 311–12 (5th Cir. 2016)).  "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).  "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### III.    Analysis

Suggs argues that under Texas law, as a controlling LLC member, he did not owe Katz a fiduciary duty as a minority LLC member.  Because Suggs did not owe Katz a fiduciary duty, he argues, the court should grant summary judgment on the breach of fiduciary duty claim, as well as the civil-conspiracy claim based on the alleged breach.  (Docket Entry No. 69 at 5–9).

Katz has not alleged that Suggs breached a fiduciary duty owed directly to Katz.  Katz's claim is derivative.  *See Katz v. Intel Pharma, LLC*, No. H-18-1347, 2018 WL 4701566, at *1 (S.D. Tex. Oct. 1, 2018) ("Terry Katz brought this derivative action on behalf of the nominal defendant, Intel Pharma, LLC, against Ntel Pharma, LLC, Ntel Nutra, Inc., and Landon Suggs."); (Docket Entry No. 59 at 1) (Katz "brings this derivative action, on behalf of nominal defendant Intel Pharma, LLC, for breach of fiduciary duty").  A derivative action provides "a procedural pathway for a minority shareholder to sue on behalf of the company for wrongs committed against the company."  *In re Murrin Bros. 1885, Ltd.*, No. 18-0737, 2019 WL 6971663, at *4 (Tex. Dec. 20, 2019) (citing *Sneed v. Webre*, 465 S.W.3d 169, 182–83 (Tex. 2015); *Eye Site, Inc. v. Blackburn*, 796 S.W.2d 160, 162 (Tex. 1990)).

Suggs does not dispute that he acted as Intel Pharma's managing member in 2015.  (Docket Entry No. 69 at 6).  The parties have not provided, and the court has not found, a case expressly stating that under Texas law, an LLC's managing member owes the company fiduciary duties as a matter of law.  The Texas Business Organization Code is silent as to an LLC member's fiduciary duties, except to state that "[t]he company agreement of a limited liability company may expand or restrict any duties, including fiduciary duties, and related liabilities that a member, manager, officer, or other person has to the company or to a member or manager of the company."  TEX. BUS. ORG. CODE ANN. § 101.401 (West 2006).  The cases support finding

4

that Suggs owed Intel Pharma fiduciary duties based on agency-law principles.  *See, e.g.*, *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200 (Tex. 2002) (under Texas law, "agency is also a special relationship that gives rise to a fiduciary duty"); *In re Hardee*, No. 11-60242, 2013 WL 1084494, at *3–4 (Bankr. E.D. Tex. Mar. 14, 2013) (the LLC's managing member had the power to transact on the LLC's behalf, making him the LLC's agent and causing the member to owe a fiduciary duty to the company).

Intel Pharma's operating agreement also supports finding that Suggs, as its managing member, acted as the company's agent.  The agreement provides that "[t]he Members, within the authority granted by the Act and the terms of this Agreement shall have the complete power and authority to manage and operate the Company and make all decisions affecting its business and [affairs]."  (Docket Entry No. 69-1 at 23).  The agreement does not "expand or restrict" fiduciary duties that Suggs owed to Intel Pharma.

Suggs does not argue that, as Intel Pharma's managing member, he owed the company no fiduciary duties.  Suggs changes course in his reply and argues that Katz cannot pursue a derivative claim because Intel Pharma, and Katz's alleged interest in it, "no longer exist." (Docket Entry No. 74 at 3).  Under Texas law, an LLC member "must have and maintain [membership] status in order to have standing to prosecute derivative claims on the entity's behalf."  *In re Lonestar Logo & Signs, LLC*, 552 S.W.3d 342, 347 (Tex. App.—Austin 2018). Suggs does not explain why Intel Pharma ceased to exist.  He neither provides nor points to record evidence supporting his argument.  Katz replies that Suggs "appears to make this argument because Intel Pharma, LLC . . . had its certificate of existence revoked by the Texas Secretary of State for failure to pay the necessary annual taxes and fees."  (Docket Entry No. 89 at 1).

The record does not provide details of why Intel Pharma no longer exists.  Katz's Second Amended Complaint alleges that in January 2017, the Texas Secretary of State revoked Intel Pharma's certificate of formation.  (Docket Entry No. 59 at 8).  Assuming that to be true, and that it caused a dissolution, Katz could still bring a derivative claim on the company's behalf. Under the Texas Business Organizations Code, a domestic business entity continues in existence for three years after termination or dissolution, for limited purposes.  TEX. BUS. ORG. CODE ANN. § 11.356 (West 2006).  One purpose is for "prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity."  *Id.* § 11.356(a)(1).  If the Texas Secretary of State revoked Intel Pharma's certificate and caused a dissolution, the company would continue to exist for three years for the purpose of having a derivative claim filed on its behalf.  *See Gill v. Grewal*, No. 4:14-cv-2502, 2020 WL 3171360, at *7 (S.D. Tex. June 15, 2020) (an LLC continued to exist for three years after dissolution for the purpose of a derivative suit).  Katz sued in April 2018, less than three years from when the State allegedly revoked Intel Pharma's certificate of formation.  (Docket Entry No. 1).

Suggs argues that this case is similar to *In re Lonestar Logo & Signs, LLC*.  But in *Lonestar*, the record showed that the plaintiff was no longer a member of the LLC when suit was filed, because the company had redeemed the plaintiff's interest, denying the plaintiff standing to bring a derivative claim.   552 S.W.3d at 346, 352.  It was the plaintiff's lack of current membership, rather than the LLC ceasing to conduct business, that precluded standing.  *Id.* at 347–52.  Here, the record shows a factual dispute material to determining whether Katz was a member of Intel Pharma.  (Docket Entry No. 58 at 17).

Suggs has not shown that the undisputed record evidence warrants granting summary judgment on the claim that Suggs breached his fiduciary duty.  The record fails to show that, as a

matter of law, Suggs did not owe a fiduciary duty to Intel Pharma, LLC, or that Katz lacks standing to bring a derivative claim.

Similarly, Suggs cannot show on the present record that he is entitled to summary judgment on the civil-conspiracy claim, which Suggs argues must be dismissed if the court grants summary judgment on the fiduciary-duty claim. (Docket Entry No. 69 at 8). Because Katz's derivative breach of fiduciary duty claim may proceed, there is no basis to grant summary judgment on the civil-conspiracy claim. *See Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) (under Texas law, civil conspiracy is a derivative tort, so "whether [the plaintiff] stated a claim for civil conspiracy rises and falls on whether he stated a claim on an underlying tort").

## IV.    Conclusion

Suggs's motion for summary judgment, (Docket Entry No. 69), is denied.

SIGNED on July 9, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge