**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TERRY KATZ )<br>　　　　　　　　　　　　　　　　　)<br>　　*Plaintiff*,　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>INTEL PHARMA, LLC, a Texas limited )<br>liability company; NTEL PHARMA, LLC, )<br>a Texas limited liability company; )<br>NTEL NUTRA, INC., a Texas corporation; )<br>TRUE VALOR VENTURES, LLC, a Texas )<br>limited liability company; and )<br>LANDON SUGGS, an individual.　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　*Defendants*.　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　) | **Case No. 4:18-CV-01347** |

**PLAINTIFF TERRY KATZ'S MOTION TO CONTINUE THE SCHEDULED
PRETRIAL CONFERENCE AND REOPEN DISCOVERY**

COMES NOW Plaintiff TERRY KATZ (hereinafter "Mr. Katz"), by and through his undersigned attorney, pursuant to Fed. R. Civ. P. 16(b)(4), and files this, his Motion to Continue the Scheduled Pretrial Conference and Reopen Discovery, requesting that the Court continue the pretrial deadlines and pretrial conference and reopen discovery for an additional four (4) months so that Mr. Katz may investigate what appear to be fraudulent transactions by Defendants that, in the past three months, have divested valuable assets by conveying them to a third-party for nominal consideration and which transactions were only just disclosed. In support thereof, Mr. Katz shows as follows:

Simply, this case has been a never ending game of cat and mouse and, now, Mr. Katz has just learned, a week before the scheduled pretrial conference, that Defendant Ntel Nutra, Inc. has been for the past three months dissipating assets for nominal value to an out-of-state entity which

may be partially controlled by an insider of Ntel Nutra, Inc. None of this was timely disclosed and only came about when the parties engaged in a good faith discussion to try and finally resolve this dispute and avoid additional use of scarce Court resources. This is example is yet another example of Defendants' gamesmanship in addition to, among other things:

(1) Defendants' repeated production of bank account statements showing closed accounts with zero value, in response to which Mr. Katz was required to seek Court hearings on multiple occasions just to obtain current account information; and

(2) Mr. Katz learning only in early 2020 that Defendant True Valor Ventures, LLC merged with a Wisconsin entity, Fit Lifestyle Engineering, LLC, *in June 2018* approximately six weeks after this action was filed. Defendant Suggs and Angel Echevarria ("Echevarria") control this entity.[1]

Under FED. R. CIV. P. 16(b)(4) the Court may modify the current schedule and reopen discovery "for good cause." Good cause exists to continue the current pretrial deadlines and dates and reopen discovery, because despite Mr. Katz's dogged and diligent pursuits in discovery, and despite the already existing fraudulent conveyance count before the Court, Defendant Ntel Nutra, Inc. is, by all appearances, dissipating valuable assets *during the pendency* of this litigation and additional discovery is necessary to ascertain the exact facts of this transaction, their circumstances, the sufficiency of the consideration received, whether Ntel Nutra, Inc.'s officer and owner,[2] Echevarria is an owner of the acquiring entity, and the nature of his relationship with the managing member of that entity, a Connecticut resident, Raymond O'Connell.

---

[1] *See* a certified copy of the "Articles of Merger" attached hereto as **Exhibit "1."**
[2] Mr. Katz also recently learned that Echevarria is now Defendant Ntel Nutra, Inc.'s *sole* owner after Defendant Suggs conveyed the entirety of his share of the business to Echevarria. *See* true and correct copies of "Suggs Social Media Posts," attached hereto as **Exhibit "2."**

On June 19, 2020, Defendant Ntel Nutra, Inc., in exchange for merely five thousand dollars ($5,000.00) and at the direction of Echevarria conveyed to MHN, LLC, a Connecticut limited liability company, all right, title, and interest in the common law trademarks "Arez," and "Arez, God of the Gym."[3] These are the product names for Ntel Nutra, Inc.'s most popular product—a pre-workout supplement. This product was first sold by Intel Pharma, LLC beginning in 2015, then later sold by Ntel Pharma, LLC, and True Valor Ventures, LLC. It is the crown jewel product sold by these companies. As of yesterday evening, MHN, LLC, which does business as Modern Hardcore Nutrition, issued a press release that states, in part:[4]

> The news is the brand has, in fact, acquired the rights to one of the ***more known products*** in the competitive pre-workout market with the stimulant-powered formula, Arez God Of The Gym.

(emphasis added).

Equally concerning is that according to records maintained by the Connecticut Secretary of State, when MHN, LLC was organized on May 29, 2020, Ntel Nutra, Inc.'s sole shareholder and officer, Echevarria, was listed as a member of MHN, LLC with a company email address, "angel@modernhardcore.com."[5] Less than two weeks later, Echevarria was removed in an amendment to these articles on June 12, 2020,[6] but the circumstances surrounding that purported removal—particularly, in light of the nominal value paid for the trademarks—cannot be sufficiently investigated without additional discovery. Adding further suspicion to this initially

---

[3] *See* a true and correct copy of the "Intellectual Property Purchase Agreement," attached hereto as **Exhibit "3."**
[4] *See* a true and correct copy of the "Modern Hardcore Nutrition August 10, 2020 Press Release," attached hereto as **Exhibit "4."**
[5] *See* a true and correct copy of "MHN, LLC Articles of Organization" attached hereto as **Exhibit "5."**
[6] *See* a true and correct copy of "MHN, LLC Articles Amendment" attached hereto as **Exhibit "6."**

surreptitious conveyance and the removal of Echevarria as a member of MHN, LLC, is the fact that MHN, LLC applied to register the foregoing trademarks with the United States Patent and Trademark Office on June 2, 2020[7]—weeks before the agreement purporting to convey these marks was even executed—or the requirement payment was made—and *while*, according to the Connecticut Secretary of State, Echevarria remained a member of MHN, LLC. Defendants should not be rewarded for this gamesmanship and obvious misconduct.

## CONCLUSION

Suffice to say, Mr. Katz is faced with the prospect of proceeding to trial only to have a judgment entered against a company and individuals who stripped the current operating company—Ntel Nutra, Inc.—of its most valuable asset in what appears to be an initially surreptitious insider sham transaction only months before trial. This would necessarily result in Mr. Katz being required to being yet another lawsuit in this Court to investigate and pursue this claim. Such behavior on the part of a defendant should not be rewarded by requiring Mr. Katz to undertake such an effort to incur the additional costs and expenses in bringing a new matter. This is to say nothing of the additional judicial resources that will be called upon to oversee such a new dispute.

Rather, there is good cause to continue the pretrial deadlines and pretrial conference, reopen discovery, and permit Mr. Katz an additional three (3) months to investigate this facially suspicions *late* in-litigation transaction, assess what damages flow from it, and, if necessary, add responsible parties who ought to face liability for their fraudulent conduct. It is better for this saga

---

[7] *See* a true and correct copy of "MHN, LLC's Trademark Registration Application" attached hereto as **Exhibit "7."**

to be resolved once-and-for all in a single matter rather than to invite a multiplicity of proceedings, which are contrary to the principles of judicial economy.

Respectfully submitted, this 11th day of August, 2020.

**FOX ROTHSCHILD LLP**

_____
Matthew D. Treco
Georgia Bar No. 802181*
999 Peachtree Street NE
Suite 1500
Atlanta, Georgia 30309
T: (404) 962-1000
F: (404) 962-1200
mtreco@foxrothschild.com
*Counsel for Plaintiff*
*Admitted Pro Hac Vice

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day electronically filed **PLAINTIFF TERRY KATZ'S MOTION FOR LEAVE TO AMEND AND TO ADD DEFENDANT TRUE VALOR VENTURES, LLC** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record in this matter:

| | |
|---|---|
| Robert Tauler | Kent Altsuler |
| TAULER SMITH, LLP | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 626 Wilshire Boulevard, Suite 510 | 24 Greenway Plaza, Suite 1400 |
| Los Angeles, California 90017 | Houston, Texas 77046 |
| rtauler@taulersmith.com | Kent.Altsuler@lewisbrisbois.com |
| *Counsel for Defendants* | *Counsel for Plaintiff* |

This 11th day of August, 2020.

**FOX ROTHSCHILD LLP**

_____
Matthew D. Treco
Georgia Bar No. 802181*
999 Peachtree Street NE
Suite 1500
Atlanta, Georgia 30309
T: (404) 962-1000
F: (404) 962-1200
mtreco@foxrothschild.com
*Counsel for Plaintiff*
*Admitted Pro Hac Vice